## 16234. FARMERS BANKING COMPANY *v.* CONTINENTAL TRUST COMPANY.

If this action be construed as an action for fraud and deceit in the sale of securities to the plaintiff, it is subject to general demurrer, because the alleged representations on the part of the defendant were more in the nature of the expression of an opinion as to quality than a statement of material facts, past or present, and because it is not alleged that the representations were false and fraudulent, and known to be so by the defendant's agent making them, and further because it is not alleged that the plaintiff relied upon the alleged representations in purchasing the securities.

Properly construed, the action is for damages on account of the negligence of an agent undertaking to collect securities for the plaintiff; and it is subject to general demurrer because it does not allege facts showing damage on account of the negligence.

As to the count in which it was alleged that loss was occasioned to the plaintiff by the defendant's failure to sell, before a decline in market value, the cotton put up as collateral for the note held by the defendant for collection, the demurrer was properly sustained because it was not alleged that the defendant had been instructed to sell the cotton. It appears that the plaintiff vested in the defendant discretion as to when to sell, and there is no allegation that the discretion was not properly exercised. Simple error of judgment in this respect would not render the defendant liable.

DECIDED FEBRUARY 13, 1926.

Complaint; from Fulton superior court—Judge Humphries. December 18, 1924.

*Candler, Thomson & Hirsch,* for plaintiff.

*Anderson, Rountree & Crenshaw, Bryan & Middlebrooks,* for defendant.

JENKINS, P. J. Farmers Banking Company filed suit, in two counts, against Continental Trust Company, alleging in substance, in the first count, that the defendant had injured and damaged the plaintiff in a named sum by reason of the fact that on a date named the manager of the stock and bond department of the defendant telephoned the plaintiff that the defendant had for sale some good negotiable notes, secured by cotton, and requested the plaintiff to purchase them; that the plaintiff stated that if the notes were in proper form and properly secured, it would be willing to purchase, but that it knew nothing of the notes, not having made any investigation; to which the defendant's agent replied

Banks and Banking, 7 C. J. p. 888, n. 5 New.
Fraud, 27 C. J. p. 33, n. 1, 7; p. 36, n. 39.

that the defendant had made an investigation and knew that the notes were good; that the plaintiff stated that in purchasing any of the notes it would rely upon the defendant's statements; that within a day or two the plaintiff received from the defendant certain notes, one of which was a note of the Cotton Warehouse Company for $2,500, payable to the order of the maker and indorsed by the maker; that the collateral note referred to as securing the principal note was for $2,500, signed by Ellis Cotton Company, payable to Cotton Warehouse Company, and indorsed by the latter company; that upon receipt of these papers the plaintiff informed the defendant that it did not like the appearance of the papers, for reasons given; that, there being no response to this communication, the plaintiff wrote to the defendant again, complaining of the form of the papers; that in answer to this communication the defendant wrote to the plaintiff, "advising it that the cotton had been personally inspected and located by defendant, and further suggesting that petitioner return the notes to the defendant in order that it might take the proper steps to sell the collateral behind the notes;" that in response the plaintiff did return the notes; that thereafter the plaintiff wrote to the defendant, calling attention to the fact that the price of cotton was all the while declining, and to the fact that its notes provided for putting up additional collateral when the value of that already up declined in value; that the defendant wrote to it, stating that the Cotton Warehouse Company was being liquidated, and that "the cotton which secured your notes is for sale to satisfy your interest. Your notes are secured, and the cotton which secures said notes is sufficient to pay the amount owed you. At present you have fifty-one bales of cotton to secure a $7,490.00 indebtedness. . . On to-day's market you have 7 cents margin. We will advise you as soon as the cotton is sold, and will remit to you direct." It was alleged that the defendant failed and refused to sell the cotton while the price thereof was sufficient to pay the indebtedness, and failed and refused to require additional collateral to be placed with the note; that there was no cotton at any time set aside as security for the said note; that the Ellis Cotton Company and the Cotton Warehouse Company were both insolvent when the notes were first offered to the plaintiff for sale; and that ten days thereafter a committee of creditors was appointed for these companies. It was

alleged that the defendant was negligent in the following respects: (*a*) in that it did not, at the time the notes were offered to the plaintiff, make a proper investigation as to the solvency of said two debtor companies and as to the value of the notes; (*b*) in that the defendant failed to obey instructions as to selling said cotton or requiring additional collateral; (*c*) in failing to exercise reasonable diligence in collecting said notes or in securing additional collateral; (*d*) in that the defendant repeatedly assured the plaintiff that its notes were good and would be paid, and that it had ample security, and thus misled the plaintiff and prevented it from taking other steps to protect its own interest.

The allegations of the second count were practically the same except that the note of another debtor was sold, and that it appeared in that case that certain cotton was in hand for security, and was sold and accounted for, leaving only a balance due to the plaintiff, for which it prayed recovery upon practically the same grounds of negligence as set forth above.

A general demurrer to the petition was sustained, and the plaintiff excepted.

This case does not involve the question of implied warranty by the seller of securities, which is raised in the case of *Continental Trust Co.* v. *Bank of Harrison*, No. 16141, which has been certified by this court to the Supreme Court.

1. It does not seem possible to construe the plaintiff's petition as an action for fraud and deceit. Even were this possible, however, the petition was subject to general demurrer, for the reason that the representations made by the agent of the defendant, at and before the consummation of the sale of the securities to the plaintiff, were more in the nature of the expression of an opinion as to their quality than the statement of material facts, past or present; and for the further reason that it is not alleged that the said representations were false and fraudulent, and known to be so by the defendant's agent making them; and for the additional reason that it is not alleged that the plaintiff relied upon the strength of said representations in making its purchase of the securities. See *Dickey* v. *Leonard*, 77 *Ga.* 151; 20 Cyc. 102.

2. Properly, the petition should be construed as an action for damages on account of the negligence of an agent undertaking to collect certain securities for the plaintiff. So construing the peti-

tion, the first count is subject to the general demurrer, for the reason that no facts are alleged showing that the plaintiff suffered any damage on account of such alleged negligence. From the allegations of the petition it would seem to follow that the plaintiff had suffered his entire damage in advance of the time the securities were in fact delivered to the agent to collect, and before it was possible for such agent to have been guilty of any negligence in connection with the attempted collection. Plaintiff does not show that but for the negligence charged it could have made collection of such securities; nor does it show that there were any other collaterals available to the debtors to put up under their agreement so to do, when the value of that already up should decline in value. Allegations to the above effect not appearing in the petition, we think the court correctly sustained the general demurrer. The point that the petition might be sustained for nominal damages only is not made. See, in this connection, *Spooner* v. *Bank of Donalsonville,* 144 *Ga.* 745 (87 S. E. 1062); Morris-Miller Co. *v.* Von Pressentin, 63 Wash. 74 (114 Pac. 912); 6 Corpus Juris, 1157; 1 L. R. A. (N. S.) 246.

3. What has been said with respect to the ruling on the demurrer to the first count applies with equal force to the ruling on the demurrer to the second count. The only material difference between the allegations in the two counts is that in the second count it appears that some cotton was actually put up as collateral to secure the indebtedness referred to therein, and it is alleged that loss was occasioned to the plaintiff by the failure of the defendant to sell this cotton prior to the fall of its market value, but in this count there is nothing that would take it from within the rulings made as to the first count, for the reason that, while there was some cotton up as collateral for the note set forth in this count, which cotton declined in value during the time in which the defendant held the note for collection, and involved the plaintiff in a loss upon ultimate sale by the defendant, it was not alleged that the plaintiff gave to the defendant, its agent to collect, positive instructions to sell such cotton at any time during the higher market or at any other time. From the allegations it appears that the plaintiff vested a discretion in the defendant as to when to sell, and there is no allegation that such discretion was

2

not properly exercised for any reason assigned. Simple errors of judgment in this respect would not render the defendant liable.

*Judgment affirmed. Stephens and Bell, JJ., concur.*